■ NATHAN FLEISCHER, Appellant, v INSTITUTE FOR RESEARCH IN HYPNOSIS et al., Respondents.—Order, Supreme Court, New York County, entered October 8, 1976, unanimously modified, on the law and the facts and in the exercise of discretion, to grant leave to the plaintiff to replead the second cause of action for libel based on a republication, and otherwise affirmed, without costs and without disbursements. This matter was before us previously (52 AD2d 828), with one aspect thereof being the plaintiff's demand for a jury trial. We affirm so much of the determination at Special Term which vacated the demand for a jury trial with respect to the first and third causes of action (the third cause of action here was the second cause of action when passed upon by us previously). The plaintiff having joined causes of action seeking equitable relief as well as money damages arising from the same transaction, the right to trial by jury on the money damage cause was lost (Fritschy Corp. v Chase Manhattan Bank, 36 AD2d 600). However, the second cause of action for libel was separate and apart. It was dismissed as time-barred, and properly so, because the libelous statement complained of appeared in a 1970 letter. The Statute of Limitations of one year CPLR 215, subd 3) applies, and the fact that the libel may not have been discovered until later matters not, for the cause of action accrues on the date of publication. (Gregoire v Putnam's Sons, 298 NY 119.) Nonetheless, the plaintiff claims in his papers below, although not actually alleged in the complaint, that there was republication of the libel in 1974. If that be the fact, leave should be granted to replead a cause of action based on the republication. (See Kern v News Syndicate Co., 6 AD2d 404.) The second cause of action in libel having been dismissed, the jury demand as to the remaining causes was properly vacated. However, should an amended complaint be served containing a cause of action based on the republication of the alleged libel, and issue joined thereon, the right to a jury trial on that cause of action, should it be sought, would be preserved since the cause of action for libel is a separate and distinct matter, and that right would not be waived by the joinder with another cause of action seeking equitable relief predicated upon a separate transaction. (CPLR 4102, subd [c]; Mishler v Mishler, 41 Misc 2d 471.) This determination is without prejudice to the right of the defendant to plead the Statute of Limitations with respect to any amended complaint to the extent its application can be substantiated. Concur—Kupferman, J. P., Birns, Markewich and Lynch, JJ.