■ ABE BERGER, Appellant, v ALFRED R. GILBERT et al., Respondents. ABE BERGER, Appellant, v GENERAL ELECTRIC COMPANY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered August 23, 1977 in Schenectady County, which granted motions by defendants for summary judgment dismissing the complaints, and denied a motion by plaintiff for further pretrial discovery. Plaintiff was employed as a research chemist by the defendant, General Electric Company, from September, 1960 until April 1, 1975 when his employment was terminated. For 10 years plaintiff worked in the General Electric's silicone products division until October, 1971 when, due to a reduction in force, plaintiff was offered and

accepted a position with the company's corporate research and development division (hereinafter referred to as CR & D) in its chemical laboratory. In the performance of his work at CR & D, plaintiff was under the supervision of defendant, Dr. Alfred R. Gilbert, whose duty it was to assign plaintiff to various projects. It was the policy of General Electric to require yearly work appraisals of all employees by their immediate superior. These appraisals were submitted to other supervisors interested in the employee's work with a copy to the employees whose work was reviewed. The first appraisal of plaintiff's work at CR & D was filed by Dr. Gilbert on September 12, 1972. Defendant, Dr. Howard M. Relles, became project manager in 1973, and plaintiff was assigned to work under his supervision. As plaintiff's immediate supervisor, Dr. Relles prepared the plaintiff's work appraisals filed September 28, 1973 and September 16, 1974. These appraisals were reviewed by Dr. Gilbert and Dr. Allan S. Hay, who was manager of the chemical laboratory at CR & D. On the same day that the 1974 appraisal was filed, Dr. Hay informed plaintiff that his employment would be terminated on April 1, 1975. Plaintiff's complaint alleges three causes of action: (1) for defamation based on the work appraisal filed on September 16, 1974; (2) for pain and suffering caused by the alleged defamation; and (3) for defamation based on the work appraisals filed on September 27, 1973. Plaintiff contends that the defendants, with actual malice, published of and concerning the plaintiff in his profession as a research chemist matters impugning his competence and fitness in his profession. All the defendants have pleaded the defense of qualified privilege, and defendants Gilbert and Relles allege the further defense that the cause of action based on the 1973 report is barred by the Statute of Limitations since the complaint was dated June 26, 1975. In making their annual appraisals of those employees which they supervised, defendants enjoyed a qualified privilege. " ' "A communication made *bona fide* upon any subject matter in which the party communicating has an *interest,* or in reference to which he has a *duty,* is privileged if made to a person having a corresponding *interest* or *duty,* although it contained criminating matter which, without this privilege, would be slanderous and actionable" ' * * * When defendant's statements are presumptively privileged the rule is that, in order to render them actionable, it is 'incumbent on the plaintiff to prove that [they were] false and that the defendant was actuated by express malice or actual ill-will.' " *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 60-61.) During plaintiff's employment at CR & D, the individuals who appraised his work were continually helping and encouraging plaintiff to adapt to and become trained in the methods and techniques required at CR & D as opposed to those he had been accustomed to when working in the silicone products department. Plaintiff concedes that the defendants are entitled to a qualified privilege. Plaintiff charges the defendants with malice, but this is a mere assertion based on his own subjective opinion. His affidavit opposing the motions for summary judgment failed to allege evidentiary facts that defendants were actuated by express malice or actual ill will, and plaintiff failed to satisfy his burden of establishing malice. Plaintiff failed to substantiate his accusations of libel by reference to any evidentiary facts, as opposed to mere conclusory allegations, from which a jury could find actual malice on the part of defendants *(Trails West v Wolff,* 32 NY2d 207; *Stillman v Ford,* 22 NY2d 48). Special Term dismissed plaintiff's three causes of action upon the ground that the causes of action were barred by passage of time. The complaints in the third cause of action were dated June 25, 1975 and August 29, 1975. These causes of action are based on the

appraisal report of plaintiff dated September 27, 1973. CPLR 215 (subd 3) sets a limitation of one year from date of publication for commencing an action for libel. A cause of action for libel accrues upon the first publication of the alleged libel *(Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069). The denial of plaintiff's motion for further pretrial discovery should also be affirmed. The plaintiff was afforded substantial time to conduct examinations before trial, and it was plaintiff's conduct which created unjustified delay in prosecuting further examinations. Special Term, properly within its discretion, denied plaintiff's motion for further pretrial discovery (CPLR 3103). Order affirmed, with costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.