(April 21, 1981)

■ FIVE PLATTERS, INC., Appellant, v TONY WILLIAMS, Also Known as SAMUEL A. WILLIAMS, Respondent. — Order, Supreme Court, New York County, entered November 24, 1980, granting defendant's motion for leave to serve a second amended answer with a fifth counterclaim for defamation, reversed, on the law, and motion denied, with costs. On July 8, 1977, an individual named Buck Ram, a stockholder in the plaintiff, wrote to Freddy and Redgy De Kreyger on plaintiff's stationery. Ram stated in that letter that defendant Williams had lost his voice and had become a vegetable. Ram also asked that the De Kreygers not repeat his disclosure about defendant Williams. On or about January of 1980, one of the De Kreygers turned this letter over to defendant's wife. In March of 1980, defendant brought this motion for leave to serve a second amended answer containing a proposed fifth counterclaim for defamation. As the defendant concedes, the proposed fifth counterclaim is barred by the one-year Statute of Limitations (CPLR 215, subd 3). However, defendant alleges that plaintiff is equitably estopped from

asserting the one-year statute because Ram requested that the libelous statement not be disclosed. Although the defendant was unaware of the letter for several years, that fact did not bar the one-year Statute of Limitations from running. While the one-year statute was running, defendant did not show that he relied upon any misrepresentation of either the plaintiff or Ram. Hence the doctrine of equitable estoppel is not applicable to the facts in this case. Concur — Murphy, P.J., Sullivan, Markewich and Lynch, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm. To recognize a wrong and provide a remedy, but then to make it impossible for the remedy to be applied, is inequitable. The request by Ram that the libelous statement not be disclosed brings into play the analysis in *General Stencils v Chiappa* (18 NY2d 125, 128) where the Court of Appeals made the point that when the defendant carefully conceals the violation, the court has the power to bar the assertion of the affirmative defense of the Statute of Limitations. (See, also, *Ryan Ready Mixed Concrete Corp. v Coons*, 25 AD2d 530, 531; General Obligations Law, § 17-103, subd 4, par b.) In any event, it is in itself unfair for the Statute of Limitations to have run before the person libeled could be in a position to take action with respect thereto. (Cf. *Mendel v Pittsburgh Plate Glass Co.*, 25 NY2d 340, overruled in *Victorson v Bock Laundry Mach. Co.*, 37 NY2d 395, considered in *Weinstein v General Motors Corp.*, 51 AD2d 335; 28 Syracuse L Rev 525, 544.)