*DM Manager LLC v. Fidelity Nat'l Info. Servs., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-five.

PRESENT:

> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

DM MANAGER LLC, MCALLISTER
ACCEPTANCE CORPORATION, MOTOR
ACCEPTANCE COMPANY, LLC, MOTOR
FUNDING SERVICES, LLC, RANDOM
HOLDINGS, INC., DOUG MCALLISTER,

> *Plaintiffs-Appellants*,

> v.                                                No. 24-1217

FIDELITY NATIONAL INFORMATION SERVICES,

INC., FIDELITY INFORMATION SERVICES, LLC,
FIS ePROCESS INTELLIGENCE LLC,

*Defendants-Appellees.*

_____

| | |
|---|---|
| **For Plaintiffs-Appellants:** | O. Williams Igbokwe, Igbokwe, PLLC, New York, NY. |
| **For Defendants-Appellees:** | Shima S. Roy, Baker & McKenzie LLP, Chicago, IL; Joshua S. Wolkoff, Baker & McKenzie LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 21, 2024 judgment of the district court is **AFFIRMED**.

DM Manager LLC, McAllister Acceptance Corp., Motor Acceptance Company, LLC, Motor Funding Services, LLC, Random Holdings, Inc., and Doug McAllister (together, "MAC") appeal from a judgment of the district court dismissing their claims for misappropriation, unfair competition, intentional fraud, and fraudulent concealment against Fidelity National Information Services, Inc., Fidelity Information Services, LLC, and FIS eProcess Intelligence LLC (together, "FIS") for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6).[1]  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[2]

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*.  *See Bangs v. Smith*, 84 F.4th 87, 95 (2d Cir. 2023).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  We "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor."  *Bangs*, 84 F.4th at 95 (internal quotation marks omitted).

---

[1] The district court also dismissed MAC's claims for tortious interference with business and breach of contract, but MAC does not challenge those dismissals on appeal.

[2] Although the Notice of Removal asserted that the district court had diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), conspicuously absent was any allegation as to Plaintiff McAllister Acceptance Corp.'s citizenship.  *See* Dist. Ct. Doc. No. 1 at 4 (stating that because FIS was unable to verify that the plaintiff is a Delaware corporation, as had been alleged in the complaint, it "should not be considered for purposes of diversity jurisdiction").  On January 31, 2025, we entered an order directing the parties to submit a joint letter brief setting forth McAllister Acceptance Corp.'s citizenship to ensure that there was complete diversity among the parties.  Based on the letter submitted, we conclude that McAllister Acceptance "Corp." is not a corporation at all, but rather an unincorporated entity that is a citizen of North Carolina by virtue of its ownership by DM Manager, LLC.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).  Given that FIS is alleged to be a citizen of Florida and Georgia, *see* Dist. Ct. Doc. No. 1 at 5, there is no reason to question the existence of complete diversity.  We therefore construe the joint letter as an unopposed motion to amend the Notice of Removal pursuant to 28 U.S.C. § 1653 to assert jurisdictional facts, and grant that request.

## I. Misappropriation Claims

MAC first contends that the district court erred in dismissing its claims for misappropriation of trade secrets, confidential information, ideas, and skills as time-barred.[3] Under New York law, MAC's misappropriation claims are subject to a three-year statute of limitations, *see Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 49 (2d Cir. 2019), "begin[ning] when a reasonably diligent person in [the] plaintiff's position would have been put on inquiry as to the claim," *id.* at 50 (internal quotation marks omitted).

In the second amended complaint (the "SAC"), MAC alleges that it created a "New Auto Fintech Platform" designed to enable auto-lenders to increase revenues by combining several functions in a single platform. After MAC entered into a services agreement with FIS for the purpose of developing that technology into a user-friendly software, FIS allegedly misappropriated the technology in order to develop its own competitor platform. MAC alleges that FIS's platform was released around March 2015, and acknowledges that the

---

[3] Though FIS construes MAC's brief as only challenging the dismissal of its claim for the misappropriation of trade secrets, MAC refers to its "misappropriation claims" more generally. *See, e.g.*, MAC Br. at 1, 9, 11, 13 (referring to the "misappropriation of trade secrets," "confidential information," "ideas," and "skill"). Accordingly, we consider MAC to be challenging the dismissal of all its misappropriation claims.

4

platform received an industry innovation award in an article published that same month. Nevertheless, MAC asserts that it first learned of the alleged misappropriation in a November 22, 2017 mediation session.

Even assuming that the March 2015 release and article would not have put a reasonably diligent person on notice of the alleged misappropriation, MAC's cause of action accrued at the latest on November 22, 2017, which means that its claims – filed nearly five years later in October 2022 – are untimely. MAC's insistence that FIS "hid [its] fraudulent activities . . . by marketing the [platform] under different names" and using "generalized asset titles," MAC App'x at 109, is wholly "conclusory" and contradicted by MAC's own allegations concerning the November 2017 meditation session, *Shamley v. ITT Corp.*, 869 F.2d 167, 172 (2d Cir. 1989). Indeed, MAC candidly admits that its inaction after November 2017 was not from a lack of knowledge but rather from an inability "to muster up sufficient resources to begin to investigate all the events . . . and to engage legal counsel to conduct due diligence." MAC App'x at 106. But such a lack of cash flow does not alter the fact that MAC was on notice of a potential claim no later than November 2017. *See Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992) ("The duty of inquiry having arisen, plaintiff is charged with whatever knowledge an

5

inquiry would have revealed.").  Accordingly, we agree with the district court

that MAC's misappropriation claims are time-barred and affirm their dismissal.[4]

## II.    Intentional Fraud

MAC next argues that the district court erred in dismissing its claim for

intentional fraud, sometimes referred to as fraudulent misrepresentation.  To

bring such a claim under New York law, a plaintiff must allege "(1) a

misrepresentation or a material omission of a material fact which was false and

known by [the] defendant to be false, (2) made for the purpose of inducing the

plaintiff to rely on it, and (3) justifiably relied upon by the plaintiff, (4) who

suffered an injury as a result of such reliance."  *City of New York v. Smokes-

Spirits.com, Inc.*, 541 F.3d 425, 454 (2d Cir. 2008).  In addition, to comply with

Federal Rule of Civil Procedure 9(b), the plaintiff must "(1) specify the statements

that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where

and when the statements were made, and (4) explain why the statements were

fraudulent," but the defendant's state of mind "may be averred generally."

---

[4] MAC also challenges the district court's dismissal of its unfair-competition claim, but concedes that this claim is duplicative of its misappropriation claims.   Accordingly, this claim fails for the same reasons described above.

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (internal quotation marks omitted).

MAC's complaint broadly alleges that FIS made false assurances that it was working on MAC's project while it was in fact secretly developing its own platform. The district court found that MAC's allegations lacked specificity as to what statements were made, which defendant made them, how MAC relied on them, and why they were materially false, as required by Rule 9(b). On appeal, MAC does not explain how the district court erred in its treatment of this claim, beyond asserting that the SAC "provide[d] multiple examples of fraudulent behavior committed by FIS." MAC Br. at 20. But more is required to preserve an argument on appeal. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 359 (2d Cir. 2011) (deeming challenge "abandoned" where appellant "has offered no argument as to *how* . . . the [d]istrict [c]ourt erred" (emphasis added)). We therefore find that MAC's challenge to the dismissal of its intentional-fraud claim was "not sufficiently argued" and is thus forfeited. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

In the alternative, MAC argues that it should have been given leave to amend its "fraud" claims. But the district court did, in fact, provide MAC with

an opportunity to amend its intentional-fraud claim, which was initially dismissed without prejudice. MAC instead chose to file a notice of appeal, which the district court properly rejected as premature, while directing MAC to indicate by May 20, 2024, whether it intended to file an amended complaint. When MAC failed to respond to its order, the district court converted the dismissal of the intentional-fraud claim to one with prejudice, so that the premature notice of appeal would be cured. *See Slayton v. Am. Ex. Co.*, 460 F.3d 215, 224 n.7 (2d Cir. 2006). Given this procedural history, MAC is wrong to characterize the district court's dismissal as one without prejudice. And since MAC "has irrevocably waived the option offered by the district court . . . to amend [its] complaint" with respect to this claim, MAC "must stand or fall on the amended complaint presently before us." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

For all these reasons, we cannot say that the district court erred in dismissing MAC's intentional-fraud claim.

## III. Fraudulent Concealment

Finally, MAC contends the district court erred in dismissing its claim for fraudulent concealment. To state a claim for fraudulent concealment in violation of New York law, a plaintiff must allege "[(1)] a duty to disclose, [(2)] knowledge

8

of the material facts by the party bound to disclose, [(3)] scienter, [(4)] reliance, and [(5)] damage[s]." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 582 (2d Cir. 2005). The claim must also be pleaded with particularity under Rule 9(b). *See Armstrong v. McAlpin*, 699 F.2d 79, 88 (2d Cir. 1983).

As with its intentional-fraud claim, MAC does not articulate how, exactly, the district court erred in its treatment of this claim. Instead, MAC simply lumps its fraud claims together, while conclusorily asserting that the SAC and supporting exhibits provide "multiple examples of fraudulent behavior." MAC Br. at 20. Because MAC nowhere challenges the district court's conclusion that MAC failed to allege the existence of a duty on the part of FIS to make a disclosure – which, as noted above, is a necessary element of a fraudulent-concealment claim, *see Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) – MAC has once again forfeited any argument as to the district court's dismissal of that claim. *See Norton*, 145 F.3d at 117.

Nevertheless, because the district court did not grant MAC leave to amend its fraudulent-concealment claim, we must review the district court's denial of leave to amend that claim for abuse of discretion, keeping in mind that "[i]n exercising its discretion, the district court is required to heed the command of Rule

9

15(a) to grant leave to amend freely when justice so requires." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (alteration accepted and internal quotation marks omitted).

Here, MAC made only a catch-all request for leave to amend on the second-to-last page of its brief in opposition to FIS's motion to dismiss, *see* Suppl. App'x at 33, without ever explaining how it would cure the deficiencies identified by the district court. Typically, counseled plaintiffs must attach a proposed complaint when they file a motion to amend for this very reason. *See* S.D.N.Y. L.R. 15.1(a). Given MAC's "fail[ure] to propose, below or on appeal, an amendment to the pleadings," "we need not give leave to amend based on some theoretically viable claim." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 183 n.44 (2d Cir. 2014); *see also Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("A counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured."). We therefore cannot conclude the district court abused its discretion in denying leave to amend MAC's fraudulent-concealment claim.

\*      \*      \*

We have considered MAC's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11