ANTHONY MASCI, PLAINTIFF-RESPONDENT, v. CHARLES
YOUNG, DEFENDANT-APPELLANT.

Argued May 20, 1932—Decided October 17, 1932.

For the appellant, *Kellogg & Chance.*

For the respondent, *Aaron L. Simon.*

The opinion of the court was delivered by

DONGES, J.   This appeal brings up a judgment of the
Supreme Court, in favor of the plaintiff and against the
defendant, entered on *postea* on verdict at the Passaic Circuit
after a trial before Judge Mackay and a jury.

The defendant, Young, lent his automobile to one Balbino,
who took it to the city of New York, and, whilst operating
it there, collided with plaintiff and injured him, for which
injuries the judgment was obtained.

The defendant, Young, was a resident of the State of New
Jersey, and was in this state at the time of the bailment to
Balbino and, likewise, at the time of the collision complained
of.

The statute of New York invoked to impose liability upon
the defendant provides:

"Every owner of a motor vehicle or motorcycle operated
upon a public highway shall be liable and responsible for
death or injuries to person or property resulting from negli-

gence in the operation of such motor vehicle or motorcycle in the business of such owner or otherwise by any person legally using or operating the same with the permission express or implied of said owner."

This statute was applied at the trial and it is this action of the trial judge that is assigned as error. The question is presented on motions to the judge to control the case, as well as by exceptions to the charge and the refusal to charge.

This is a transitory action. In *Ackerson* v. *Erie Railroad Co.*, 31 *N. J. L.* 309, it was said:

"Transitory actions are such personal actions as seek only the recovery of money or personal chattels, whether they sound in tort or contract. They are universally founded on the supposed violation of rights, which, in contemplation of law, have no locality."

In *Dennick* v. *Central Railroad Co.*, 103 *U. S.* 11, it was said:

"Wherever, by either the common law or the statute law of a state, a right of action has become vested and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has competent jurisdiction of such matter and can obtain 'jurisdiction over the parties."

In such actions the law of the state in which the cause of action arose will by comity be applied, if comity should be extended. *Harber* v. *Graham*, 105 *N. J. L.* 213.

It is not denied that the provision quoted is the law of the State of New York. The constitutionality of the act has been sustained by the courts of that state. *Downing* v. *City of New York*, 220 *N. Y. Supp.* 76; *Dawley* v. *McKibbin*, 245 *N. Y.* 557.

It seems to be the settled law that certain classes of foreign created actions will not be enforced, namely, those which are penal, those which are contrary to the policy of the law of the state in which the suit is brought, and those for whose enforcement the local judicial procedure is inadequate.

Appellant argues that the statute in question imposes a

penalty. But this is obviously not so. It does not impose a penalty, it merely establishes a right. It visits only lawful damages for violation of a right. *Kennealy* v. *Leary,* 67 *N. J. L.* 435.

Nor is it contrary to the policy of our law. Our statute imposes upon a non-resident, by the fact of operation of his car in this state, an agency in a designated public official to accept service of process in any action for damages arising out of such operation in this state. Such legislation has been held to be valid, and is not in contravention of the due process clause of the constitution. *Kane* v. *New Jersey,* 242 *U. S.* 160; *Hess* v. *Pawloski,* 274 *Id.* 352.

Our judicial procedure is adequate to enforce this right.

The insistence of the appellant is that the New York statute can have no effect to impose liability upon an owner who is a resident of New Jersey and who was in New Jersey at the time of the occurrence complained of, when the lending or bailment took place in New Jersey. There was some testimony that the appellant knew that Balbino intended to operate the car in the State of New York. The appellant denied such knowledge and denied having said to a witness that he knew Balbino was going to New York.

In *Harber* v. *Graham, supra,* the parties were residents of New Jersey, and drove to Massachusetts, where the injury occurred, and this court held that the accident having taken place in Massachusetts, the law of that state applied.

It is recognized by the courts generally that the use of automobiles upon the public highways presents serious hazards to the public. In *Hendrick* v. *Maryland,* 235 *U. S.* 610, Mr. Justice McReynolds says:

"A state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles—those moving in interstate commerce as well as others."

In *Kane* v. *New Jersey,* 242 *U. S.* 160, Mr. Justice Brandeis comments upon the danger to the public in the use of automobiles and says:

"The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained. It extends to non-residents as well as to residents."

He further says in commenting on the decision in *Hendrick* v. *Maryland, supra:*

"It was recognized in discussing it, that 'the movement of motor vehicles over the highways is attended by constant and serious dangers to the public' (page 622). We know that ability to enforce criminal and civil penalties for transgression is an aid to securing observance of laws. And in view of the speed of the automobile and the habits of men, we cannot say that the legislature of New Jersey was unreasonable in believing that ability to establish, by legal proceedings within the state, any financial liability of non-resident owners, was essential to public safety. There is nothing to show that the requirement is unduly burdensome in practice. It is not a discrimination against non-residents, denying them equal protection of the law. On the contrary, it puts non-resident owners upon an equality with resident owners."

So here, an owner is presumed to know the law, and if he permits his car to be operated in New York state, he subjects himself to the laws of that state touching such operation.

The reasoning of Mr. Justice Katzenbach in *Pizzutti* v. *Wuchter,* 103 *N. J. L.* 130, in support of the power of a state to require an owner who uses or permits his property to be used in a foreign state, to submit himself to the courts of that state on process served upon a public official as his agent for such purpose, is pertinent. He holds that states, in the exercise of the police power, may impose the terms upon which their highways may be used by motor vehicles of non-resident owners, and says:

"We think the basis of jurisdiction in the present case over the defendant, who was not a citizen of this state, not served with process within the state, and who has not expressly consented to the exercise of jurisdiction of our courts over him, rests upon the doctrine that a state may, without

violating any constitutional limitation, forbid the doing of certain acts within the state unless and until the person who does the acts has consented to the jurisdiction of the courts of the state as to causes of action growing out of the doing of such acts within this state. It is within the power of a state to provide by law that the doing of such acts by a non-resident as the state can prohibit shall subject the non-resident doing them to the jurisdiction of our courts as to such actions as arise within the territorial limits of the state.

"Such laws as the one under consideration seem but the reasonable exercise of the rights of a state for protection of its own citizens. If non-residents feel the law harsh they can easily avoid its operation, so far as they are concerned, by refraining from operating their automobiles within the territorial limits of the states which have enacted such laws."

If a state may, without violating the constitution of the United States, forbid a non-resident to operate or cause to be operated an automobile within the state, unless thereby he authorizes a state official to receive service of process in actions instituted against him which result from such operation, and makes himself subject to the laws of this state (*Kane* v. *New Jersey, supra*), a state may impose upon an owner of such car liability for such permitted operation of his car within a state, according to the law of that state. If the rule were otherwise, a foreign owner might send his car into a state and avoid liability for its negligent operation under the law of the state upon the ground that no liability would attach to him in consequence of such negligent operation under the law of his own state. Such a result does violence to reason and justice.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.