ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, PLAINTIFF-APPELLANT, v. ACKERMAN BROS., INC., A CORPORATION OF NEW JERSEY, AND JOSEPH BARBONI, DEFENDANTS-RESPONDENTS.

Argued October 20, 1939—Decided January 25, 1940.

188

For the plaintiff-appellant, *George F. Lahey, Jr.*

For the defendants-respondents, *Cox & Walburg* (*Harry E. Walburg,* of counsel).

The opinion of the court was delivered by

PORTER, J. The plaintiff appeals from a judgment of non-suit entered in the Bergen Circuit of the Supreme Court.

The action is to recover damages for personal injuries claimed to have been suffered by one Meinrod Kaelin because of the negligent operation of an automobile of the defendant Ackerman Bros., Inc., and driven by its servant, defendant Joseph Barboni, at Woodcliff Lakes, this state, on October 13th, 1936. Kaelin resided in New York. He was employed by Henry Pape, Inc., of New York, and met with these injuries during the course of that employment. His employer carried workmen's compensation insurance, covering this risk, with the plaintiff, Zurich General Accident and Liability Insurance Company, Limited.

It appears that Kaelin elected to take compensation under the provisions of the New York Workmen's Compensation statute and that he received an award thereunder. That statute, section 29, provided in effect that where an injured workman elected to take compensation rather than to bring

suit against a third party claimed to be liable for his injuries, such right of action "shall operate as an assignment" for the benefit of the employer, insurance carrier or whoever was liable for the payment of compensation. In the instant case it was the plaintiff insurance company who was liable.

The pertinent part of this section of the statute, under the title "Subrogation to remedies of employes" follows:

"If an employe entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employe, or in case of death, his dependents, shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such selection shall be evidenced in such manner as the commissioner may by regulation prescribe.

"If such injured employe, or in case of death, his dependents, elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation or insurance carrier liable for the payment of such compensation. If such fund, person, association, corporation or carrier, as such assignee, recover from such other, either by judgment, settlement or otherwise, a sum in excess of the total amount of compensation awarded to such injured employee or his dependents and the expenses for medical treatment paid by it, together with reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employe or his dependents, as the case may be, two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employe or his dependents."

It further appears that when the said statute was put in evidence it was agreed between counsel and the court that a motion for nonsuit be argued at that point without prejudice to the plaintiff later putting in evidence as to negligence if the motion was not granted. We are concerned, therefore, only with the action of the court in granting the nonsuit.

In so deciding the court held that there was an assignment of a right of action for a tortious act which was void in this state. The court also denied the plaintiff's motion to amend the complaint by making Kaelin a party plaintiff on the ground that the statute of limitations had tolled the action.

We are of the opinion that the learned trial judge was in error in holding this to be an assignment of a right of action for a tortious act.

It is of course true that the well established policy of the law of this state is that no assignment of choses in action arising from the tortious injury to person or property are recognized. That rule is in conformity with the common law which remains unchanged by statute. A recent case in the Supreme Court, affirmed by this court at the present term on the opinion below, in which the authorities are cited, is directly in point. *East Orange Lumber Co.* v. *Feigenspan,* 120 *N. J. L.* 410; 124 *Id.* 127. We are not unmindful of the language of the New York statute, above quoted, wherein it does use the word "assignment," but taking the object of the act into consideration, the title and its context, it seems clear to us that the use of that word is merely a matter of phraseology and not an assignment within the meaning of our cases. It is rather a subrogation for the benefit, not only of the insurance carrier or others liable for payment of compensation, but also for the benefit of the injured workman.

Finding that the New York statute be one of subrogation rather than an outright assignment we think it to be quite in conformity with the same subject-matter in our Workmen's Compensation act, *R. S.* 34:15-40. The objects of the acts of the two states are identical, in the protection of the rights of both the injured workman and the insurance carrier in circumstances like the case at bar. Both acts provide that the insurance carrier be first reimbursed and that the injured workman, or his dependents, be paid the net surplus remaining. Both statutes have modified the common law in this respect. Rather than creating an assignment we think that the New York act creates a new cause of action as was sought to be done by this state by the act of 1931, chapter 279. That statute was found invalid by this court because it failed to

provide procedure for carrying it into effect and not because it sought to create a new cause of action in the employer or his insurance carrier. *U. S. Casualty Co.* v. *Hyrne*, 117 *N. J. L.* 547. Reliance is had by defendants on the Hyrne case in support of its contention that there was an assignment in the instant case. We do not so consider it.

The complaint does not name Kaelin as a party plaintiff. It does, however, fully set forth the facts concerning his status, as well as its own, and recites that the damages sought are in behalf of both. The rights of Kaelin under our view of the nature of the action seem amply protected so we conclude that no amendment to the complaint is necessary.

Under our interpretation of the New York statute we come finally to the doctrine of state comity. The rule is that where the laws of a foreign state do not conflict with the public policy of this state it is our duty to recognize and enforce the laws of said state. *Cf. Giardini* v. *McAdoo*, 93 *N. J. L.* 138; *Masci* v. *Young*, 109 *Id.* 453; *Broderick* v. *Abrams*, 112 *Id.* 309; *In re Fischer's Will*, 119 *N. J. Eq.* 217; *Loucks* v. *Standard Oil Co.*, 224 *N. Y. Rep.* 99; 120 *N. E. Rep.* 198.

It follows that the judgment of nonsuit be reversed and a trial *de novo* be had, costs to abide the event.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.