**Eleanor CALCIN, Plaintiff,**

v.

**Charles Wesley MILBURN, also known as C. Wesley Milburn, Defendant.**

**Civ. A. No. 524–59.**

United States District Court
D. New Jersey.

Oct. 6, 1959.

John Anthony Lombardi, Summit, N. J., for plaintiff.

Wilfred L. Dempsey, Summit, N. J., by Michael G. Alenick, Newark, N. J., for defendant.

HARTSHORNE, District Judge.

Plaintiff, Eleanor Calcin, of Ohio, here sues defendant, Charles Wesley Milburn, of New Jersey, for breach of contract to marry. The first count seeks damages, because of injury to name and reputation, and for the support of a child born to the parties. The second count repeats the allegations of the first count, alleging wilfulness. Plaintiff asks for both compensatory and punitive damages. Plaintiff's allegation of deceit is clearly based on the breach of contract to marry. The jurisdiction of this Court over such cause of action rests solely upon diversity of citizenship.

Such being the case, this Court here sits, as to matters of substantive law, as if it were a court of the State of New Jersey, applying not only the general substantive law of that State, but the conflict of laws rules of that State, Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 478, 496, 61 S.Ct. 1020, 85 L.Ed. 1477.

The substantive law of the State of New Jersey in the above regard has been made clear by a series of decisions of the courts of that State in construing its so-called Heart Balm statute, N.J.S. 2A:23–1–7, P.L.1935, Chap. 279, § 1, p. 896, et seq., N.J.S.A. The last such decision, one by the highest court of the State, is that of Morris v. MacNab, 1957, 25 N.J. 271, 135 A.2d 657, 659. In this case the Court reviews the purpose and effect of the above legislation, as enacted both in New Jersey and elsewhere, saying:

"Beginning with Indiana in 1935, many states enacted statutes designed to eliminate or restrict actions for breach of promise (along with actions for alienation of affections, seduction, and criminal conversation which we need not deal with here). There had been widespread public attacks on such actions as fruitful sources of blackmail. And many thoughtful persons had come to view them as unwholesome proceedings which oftentimes entailed extortions or coerced marriages. New Jersey's enactment was adopted in June 1935 (L. 1935, c. 279—now N.J.S. 2A:23–1 et seq. N.J.S.A.). It abolished the right of action theretofore existing to recover damages for 'breach of contract to marry' and stipulated that no contract to marry thereafter made in New Jersey shall give rise 'to any cause or right of action for the breach thereof.' Its preamble clearly evidenced the primary motivation for the legislation:

" 'Whereas, The remedies herein provided for by law for the enforcement of actions based upon alleged alienation of affections, criminal conversation, seduction and breach of contract to marry have been subjected to grave abuses, causing extreme annoyance, embarrassment, humiliation and pecuniary damage to many persons wholly innocent and free of any wrongdoing, who were merely the victims of circumstances, and such remedies having been exercised by unscrupulous persons for their unjust enrichment and such remedies having furnished vehicles for the commission or attempted commission of crime and in many cases have resulted in the perpetration of frauds, it is hereby declared as the public policy of the state of New Jersey that the best interests of the people of the state will be served by the abolition of such remedies. * * * ' "

Morris was not a case of breach of contract to marry, but one where the marriage had occurred, though the defendant had no right to marry, since he was already married. The Court, therefore, held that recovery could be had thereon of the moneys obtained from the woman by the man by his false representations as to his being single, since that action was not one for either "alienation of affections, criminal conversation, seduc-

tion or breach of contract to marry", which alone "are abolished by the act", N.J.S.A. 2A:23-1. But the State's highest court makes perfectly clear the fact that such statute "abolished the right of action theretofore existing to recover damages for 'breach of contract to marry'". Not only so, but this statute further provides:

"It shall be unlawful for any person, either as a party or attorney, * * * to file or serve * * * any process or pleading, in any court of this state, setting forth or seeking to recover a sum of money upon any cause of action abolished or barred by this chapter, *whether such cause of action arose within or without this state.*" [Italics this Court's] N.J.S.A. 2A:23-3.

The statute further provides:

"Any person who shall violate any of the provisions of this chapter shall be guilty of a misdemeanor." ibid § 5

Again it provides:

"This chapter shall be liberally construed to effectuate the objects and purposes thereof and the public policy of the state as hereby declared." ibid § 6

It finally provides:

"Nothing contained in this chapter shall be construed as a repeal of any of the provisions of the penal law or the criminal procedure law or of any other law of the state relating to criminal or quasi-criminal actions or proceedings." ibid § 7

Surely no clearer language could have been used by the Legislature of the State of New Jersey, as interpreted by its courts, to abolish suits on breach of contract to marry, and to declare same to be contrary to the public policy of the State of New Jersey, whether such contract was made in New Jersey or in Ohio, as alleged in the complaint.

An even more exhaustive review of the pertinent authorities is that set forth in the case, decided but the year previous, of Magierowski v. Buckley, 1956, 39 N.J.Super. 534, 121 A.2d 749, a father's action for seduction of his daughter, also expressly abolished by the act. Here the court not only alludes to the fact that the New Jersey act followed the New York act in substantially the same words, but that these states were but two of seventeen states which enacted similar statutes during the same general period. *Magierowski* also goes to considerable length to still any question as to the constitutional validity of these statutes, and to show the right of the state, while retaining its control over unscrupulous men by the enforcement of its criminal statutes, to retain its control over unscrupulous women by abolishing the above civil actions.

Of course, neither *Morris* nor *Magierowski* is an action for breach of contract to marry. But, just as *Morris* alludes to the abolition in New Jersey of all actions for breach of contract to marry by the express words of the statute, so does *Magierowski*, which speaks of "an action for breach of promise to marry, likewise abolished by the 1935 act", 39 N.J. Super. at page 554, 121 A.2d at page 760. The obvious reason why no reported cases appear in New Jersey holding an action for breach of contract to marry to be abolished by its express decision is, naturally, because of the fact that the statute says so in so many words, together with the penalties imposed upon attorneys who are so incautious as to violate this legislative prohibition.

The main reason advanced by plaintiff as to why she thinks her cause of action does not fall within this express statutory prohibition is because pregnancy resulted from the relations between the parties which are alleged to have followed the breach of contract to marry. But it is quite clear that this pregnancy creates no different cause of action, but is simply an added element or aggravation of the damage ensuing therefrom. This is not only clear in reason, but from *Magierowski*, supra, which itself involved pregnancy, 39 N.J.Super. at page 539, 121 A.2d at page 752, but where, never-

theless, the statute was stated to abolish such cause of action.

Plaintiff further relies upon Parker v. Hoefer, 1957, 2 N.Y.2d 612, 162 N.Y.S. 2d 13, 142 N.E.2d 194, where judgment was obtained by plaintiff in the Vermont state courts for criminal conversation and alienation of affections, and thereafter on that judgment suit was brought in New York and recovery permitted. However, in *Parker,* the New York court explicitly points out the difference between the maintenance of a suit in New York on a judgment of a sister state, validly brought under the full faith and credit clause of the United States Constitution, U.S.Const. Art. IV, Sec. 1, and a suit in which the New York courts are asked to give recovery for criminal conversation and alienation of affections occurring in Vermont, which they could not do under their Heart Balm act, which is almost verbatim that in New Jersey. See also Sulkowski v. Szewczyk, 1938, 255 App.Div. 103, 6 N. Y.S.2d 97.

Of course, the express provision of Section 7 of the New Jersey Heart Balm act, above quoted and already held valid by the New Jersey courts, prevents the application of the principle that a criminal prohibition often implies a civil remedy in the person injured by the criminal act. Thus, plaintiff cannot in this instance avail herself of N.J.S.A. 2A:142–1, P.L. 1898, Chap. 235, § 49, p. 807.

Finally, even if Ohio, contrary to New Jersey, would itself permit a suit on the breach of contract to marry made in Ohio, since New Jersey, as seen above, penalizes an attorney for filing a suit for such a recovery in the state courts "whether such cause of action arose within or without this state", the public policy of this State is so clearly against suits of this nature that it is not the public policy of Ohio which this Court, applying the New Jersey substantive law must apply to such a cause of action, but the prohibitory public policy of the State of New Jersey, Masci v. Young, 109 N.J.L. 453, 162 A. 623, 83

A.L.R. 869; Zurich General Accident & Liability Ins. Co. v. Ackerman Bros. Inc., 1939, 124 N.J.L. 187, 11 A.2d 52.

Thus, this Court, applying the substantive law of the State of New Jersey, which has abolished plaintiff's civil rights arising from a breach of contract to marry, has no right to recognize plaintiff's complaint as valid.

Defendant's motion to dismiss the complaint is granted, and an order may be entered accordingly.