283 N.J. Super. 6 (1995)
660 A.2d 1261
CHRISTINE BUCCILLI, PLAINTIFF-APPELLANT,
v.
TIMBY, BROWN & TIMBY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 27, 1995.
Decided July 20, 1995.
*8 Before Judges HAVEY, BROCHIN and CUFF.
Clifford L. Van Syoc, attorney for appellant (Benjamin Folkman, on the brief).
Ballard, Spahr, Andrews & Ingersoll, attorneys for respondents (Maureen M. Rayborn, James Bucci and Patricia A. Schoor-Rube, on the brief).
The opinion of the court was delivered by BROCHIN, J.A.D.
*9 Defendant Timby, Brown & Timby is a law firm with offices in Cherry Hill, New Jersey and Philadelphia, Pennsylvania. Plaintiff Christine Buccilli, who is a resident of New Jersey, was employed by the defendant as a paralegal in its Philadelphia office. Defendant terminated her employment, and plaintiff filed this action in the New Jersey Superior Court, alleging that her dismissal entitles her to damages.
Plaintiff's first amended complaint consisted of three counts. The first count alleged that defendant fired her because she told her employer that she intended to file a workers' compensation claim, because she protested sexual harassment and a sexually hostile work environment, and because she objected to having to sign attorneys' names to pleadings and other court documents and to a lack of attorneys' supervision of her work as a paralegal. The second count of plaintiff's complaint alleged that her discharge breached a covenant of good faith and fair dealing which she contended was implied in her contract of employment. The third count referred to all of the previous counts of the complaint and alleged that the conduct complained of violated her rights "as protected by the New Jersey Civil Rights Act, N.J.S.A. 10:5-1 et seq."
Defendant moved for the entry of summary judgment dismissing each of these counts. Its motion was granted by an order dated August 21, 1992 which recited only that each of the counts of plaintiff's first amended complaint was dismissed with prejudice. Another order entered at the same time permitted plaintiff to file a second amended complaint alleging sexual harassment and interference with prospective economic advantage. The motion judge's rulings underlying these orders were that Pennsylvania law, not New Jersey law, was controlling; that her discharge was not a breach of a covenant of good faith and fair dealing because she was admittedly an employee at will and there was therefore no applicable restriction on defendant's right to terminate her employment; and that Pennsylvania law does not recognize *10 a cause of action for damages to redress an employee's discharge from employment in retaliation for filing a workers' compensation claim or for objecting to the law firm's work practices.
Plaintiff then filed a two-count, second amended complaint which alleged sexual discrimination and tortious interference with her subsequent employment. Defendant renewed its motion for summary judgment. The sexual discrimination claim was dismissed on the ground that it could be decided only in a Pennsylvania court. Dismissal of the claim for tortious interference was denied in order to afford plaintiff a further opportunity for discovery. When discovery had been completed, that claim was also dismissed.
On appeal, plaintiff challenges only the dismissal of her claims that she was subjected to sexual discrimination and that she was fired because she expressed her intention to file a workers' compensation claim and because she objected to work practices of the firm's attorneys which she alleges violated the Rules of Professional Conduct binding on defendant as a firm of attorneys.
Plaintiff's employment began and ended in Pennsylvania. She worked exclusively in that state and the conduct which she alleges was unlawful occurred there. Only Pennsylvania, not New Jersey, substantive law governs her claims. See D'Agostino v. Johnson & Johnson, Inc. (D'Agostino II), 133 N.J. 516, 538-39, 628 A.2d 305 (1993) (New Jersey law regulates conduct in New Jersey, not outside the state); Eger v. E.I. Du Pont DeNemours Co., 110 N.J. 133, 539 A.2d 1213 (1988) (South Carolina law determined whether a general contractor that operated a facility in South Carolina was immune from tort liability to a New Jersey resident who was injured while performing work in South Carolina for a New Jersey subcontractor).
Shamley v. I.T.T. Corp., 869 F.2d 167 (2nd Cir.1989), offers a persuasive rationale for our holding that the damage claim of a New Jersey resident for her allegedly wrongful dismissal from *11 out-of-state employment is governed by the law of the state in which she was employed. The plaintiff in Shamley was a New Jersey resident whom defendant had employed as a cost accountant in its New York office during his entire career. He claimed that his dismissal from his employment was the result of discrimination against him because of his age, religion and national origin. In dismissing the plaintiff's state law claims for wrongful discharge, defamation and intentional infliction of emotional distress, the United States District Court ruled that those claims were governed by New York rather than New Jersey law. Distinguishing cases such as Schum v. Bailey, 578 F.2d 493 (3rd Cir.1978) (New Jersey law governs suit against a physician who practiced in both New York and New Jersey to recover for medical malpractice that occurred in New York, injuring plaintiff who was a New Jersey resident), upon which plaintiff relies in the present suit, the Court of Appeals explained that such cases
are all distinguishable in the sense that while the plaintiffs in each case left New Jersey temporarily on a trip, Shamley left New Jersey every work day for 14 years, forging a lasting link between himself and the State of New York. Moreover, New York has an unusually strong interest in applying its own law to employment contracts involving work in New York state. Because workers who reside in several states work side-by-side in New York state, New York has a very practical reason for maintaining a uniform approach to employer/employee relations. New Jersey's Appellate Division recognized this when it held against Shamley on these same claims, saying that New York law governed because I.T.T.'s relationship with its employees in its New York office should not be subject to different legal principles depending on the state of the employee's domicile.[1]

Shamley v. I.T.T. Corp., supra, at 172.
We agree with Shamley that making the rights of each of several co-workers dependent on his or her state of residence would be an entirely unreasonable result.
Under Pennsylvania law, the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 962 (Purdon 1991), provides the exclusive remedy for wrongful termination based on discrimination. Clay v. Advanced Computer Applications Inc., 522 Pa. 86, *12 559 A.2d 917, 918 (1989); Jacques v. Akzo Intern. Salt, Inc., 422 Pa.Super. 419, 619 A.2d 748, 753 (1993). That Act requires a claimant to exhaust her administrative remedies before seeking a judicial remedy for illegal discrimination. 43 Pa. Stat. Ann., supra, § 962; Clay v. Advanced Computer Applications, Inc., supra, 559 A.2d at 918-19.
The Pennsylvania Human Relations Act provides that a one-year lapse without administrative action after a complaint has been filed leaves a claimant free to institute a court action:
If within one (1) year after the filing of a complaint with the commission, the commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the Courts of Common Pleas of the Commonwealth based on the right to freedom from discrimination granted by this Act. [Emphasis added.]
43 Pa. Stat. Ann., supra, § 962(c)(1).
Plaintiff filed a claim with the Pennsylvania Human Relations Commission on July 10, 1991, alleging that sexual harassment by defendant was a factor leading to her dismissal from her employment. On August 13, 1991, plaintiff filed the present suit in the New Jersey Superior Court. Her second amended complaint in this suit, alleging that she had been terminated from her employment in retaliation for her objection to sexual advances and to a hostile work environment, was filed on August 31, 1992, more than a year after she had filed her claim with the Pennsylvania Human Relations Commission. The Commission had apparently not taken any action on the claim during that period. As the result of that lapse of time without agency action, plaintiff's administrative remedies were exhausted.[2]Cf. Kedra v. Nazareth Hosp., 857 F. Supp. 430 (E.D.Pa. 1994) (exhaustion requirement was satisfied where claimant's filing with a local commission had the same legal effect as filing with State Commission and complainant was not notified of Commission action for more than a year; but local *13 commission omitted to forward the claim for processing); see also Flagg v. Control Data, 806 F. Supp. 1218, 1221-22 (E.D.Pa. 1992), aff'd, 998 F.2d 1002 (3d Cir.1993). Consequently, if the Law Division could properly entertain a suit alleging discrimination in violation of the Pennsylvania Human Relations Act, plaintiff should have been permitted to amend her complaint to allege the exhaustion of her administrative remedies. Price v. Philadelphia Electric Co., 790 F. Supp. 97, 99 (E.D.Pa. 1992).
However, the Law Division dismissed plaintiff's discrimination claim on the ground that the terms of the Pennsylvania Human Relations Act restrict suits based upon its provisions exclusively to Pennsylvania courts. That ruling was based on the following language in the Pennsylvania Human Relations Act:
In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this Act, that individual's right of action in the Courts of the Commonwealth shall not be foreclosed. [Emphasis added.]
43 Pa. Stat. Ann., supra, § 962(c)(1).
We disagree with that ruling. The Pennsylvania Human Relations Act refers to the courts of Pennsylvania because those are the courts in which the Pennsylvania legislature anticipated that litigation under the statute would proceed. However, we do not interpret the statutory reference to Pennsylvania courts as intended to prohibit New Jersey courts from applying the Pennsylvania statute in appropriate cases[3]. Cf. Severine v. Ford Aerospace & *14 Communications Corp., 118 Mich. App. 769, 325 N.W.2d 572 (1982) (preserving the plaintiff's right to assert a discrimination claim in a Michigan court based upon Pennsylvania law in a case to which the Michigan Civil Rights Statute was held to be inapplicable).
In Hughes v. Fetter, 341 U.S. 609, 612-613, 71 S.Ct. 980, 982-83, 95 L.Ed. 1212, 1216 (1951), the Wisconsin Supreme Court had dismissed a suit based on the Illinois wrongful death statute because the Wisconsin statute denied its court's jurisdiction over suits that were based on the wrongful death statutes of other states. The United States Supreme Court held that the full faith and credit clause of the Federal Constitution prohibited a forum state from declining to entertain a transitory action for damages based upon the statutory law of another state unless enforcement would be repugnant to the public policy of the forum state. To the same effect, see First Nat. Bank of Chicago v. United Air Lines, Inc., 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441, rehearing denied 343 U.S. 921, 72 S.Ct. 675, 96 L.Ed. 1334 (1952); see also Wells v. Simonds Abrasive Co., 345 U.S. 514, 518, 73 S.Ct. 856, 858, 97 L.Ed. 1211, 1216 (1953) ("The crucial factor in those two cases [Hughes and First Nat. Bank of Chicago, supra] was that the forum laid an uneven hand on causes of action arising within and without the forum state."). Cf. Tennessee Coal, Iron, & Railroad Company v. George, 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997 (1914) (enforcement by Georgia courts of Alabama statute according employees injured by defective machinery a damage remedy against their employers does not violate the full faith and credit clause despite provision of Alabama law limiting suits to Alabama courts); Atchison, Topeka, & Santa Fe Railway Company v. Sowers, 213 U.S. 55, 62, 29 S.Ct. 397, 398, 53 L.Ed. 695, 697 (1909) (exclusive jurisdiction provision of a New Mexico statute which provided a damage remedy for personal injuries could not prevent Texas from enforcing the New Mexico statute in Texas courts).
Once a party seeking relief based on the Pennsylvania Human Relations Act has filed her claim with the Commission and a year *15 has passed without administrative action, the administrative agency has no further role and the claimant's remedy is an ordinary, transitory, judicial action. New Jersey law recognizes the obligation of our courts to entertain such actions based upon the statutes of other states in cases where, according to our choice of law rules, those statutes provide the controlling law. See Masci v. Young, 109 N.J.L. 453, 162 A. 623 (E. & A. 1932). Consequently, we hold that, subject to the discretionary authority of a court in a proper case to stay a suit pending disposition of a similar action elsewhere or to dismiss it on grounds of forum non conveniens, plaintiff is entitled to have her sex discrimination claim based on Pennsylvania's Human Relations Act adjudicated in the New Jersey Superior Court.
We also disagree with the motion judge's conclusion that Pennsylvania law does not recognize a claim for wrongful discharge of an employee at will in retaliation for her expression of an intent to file a workers' compensation claim. The analysis of Pennsylvania law in Burns v. United Parcel Service, Inc., 757 F. Supp. 518 (E.D.Pa. 1991), and the cases cited there, particularly Phillips v. Babcock & Wilcox, 349 Pa.Super. 351, 503 A.2d 36 (1986), persuade us that the Pennsylvania Supreme Court would hold that an at-will employee discharged in retaliation for filing a workers' compensation claim has a viable action for damages. See also Holland v. Hardee's Food Systems, Inc., 853 F. Supp. 848 (E.D.Pa. 1994). These cases do not expressly consider the discharge of an at-will employee in retaliation for her expression of her intention to file a workers' compensation claim, but we are of the view that an employer would not be permitted to avoid liability by a preemptive strike, that is, by firing an employee immediately upon her asserting her intent to file a workers' compensation claim.
Plaintiff's amended complaint, which she verifies in her certification in opposition to defendant's motion for summary judgment, alleges:

*16 [T]he defendant routinely required, or attempted to require, the plaintiff, as a paralegal, together with other paralegals, to provide legal services without the supervision, whether direct or indirect, of any attorney, and further attempted to require the plaintiff to forge the name of attorneys on certain documents, including complaints, which were to be filed in the courts without having been reviewed by or signed by an attorney in violation of the rules of procedure governing those courts.
(The reference to "forge[ry]" is a legal conclusion which plaintiff's factual contentions do not support.) We conclude that, under Pennsylvania law, if plaintiff proved at trial that she was fired because of her complaints to her superiors about the practices which she describes, that would not entitle her to damages for wrongful discharge in violation of public policy. Plaintiff has not shown us any Pennsylvania authority from which we could infer that the practices complained of "strike[] at the heart of a citizen's social right, duties and responsibilities" so that plaintiff's opposition to them would be protected by restricting defendant's common law right to fire her. Novosel v. Nationwide Insurance Co., 721 F.2d 894, 899 (3d Cir.1983) (applying Pennsylvania law). Furthermore, the discharge of an at-will employee for opposing her employer's conduct would be actionable under Pennsylvania law only if, in asserting her opposition, the employee was fulfilling some special responsibility for protecting the public interest which she bore because of her training or position. See Geary v. United States Steel Corp., 456 Pa. 171, 319 A.2d 174, 181 (1974); Field v. Philadelphia Electric Company, 388 Pa.Super. 400, 565 A.2d 1170, 1178-1180 (1989); Smith v. Calgon Carbon Corp., 917 F.2d 1338, 1342-1345 (3d Cir.1990), cert. denied, 499 U.S. 966, 111 S.Ct. 1597, 113 L.Ed.2d 660 (1991). Plaintiff has not alleged that she had any such special responsibility for protecting the public from defendant's office practices.
Defendant argues in its brief to us that the case should have been dismissed on grounds of forum non conveniens, but that issue was not argued to the Law Division and we have not considered it. However, our decision is not intended to preclude the Law Division from considering a motion to dismiss on grounds of forum non conveniens or a motion to stay the New Jersey suit *17 pending disposition of the proceeding now pending in Pennsylvania.[4]
The judgment appealed from is reversed and the case is remanded to the Law Division for further proceedings not inconsistent with this opinion.
NOTES
[1] The Third Circuit Court of Appeals is referring to an unpublished opinion of this court, Shamley v. I.T.T. Corp., A-4728-87T1 (App.Div. Dec. 27, 1988).
[2] An administrative agency which has not taken action within the period allotted to it cannot prevent the accrual of a claimant's cause of action in the courts by failing to send a requisite notice to the claimant.
[3] New Jersey statutes designate the Superior Court as the forum in which to enforce the rights which they confer. We are confident that, insofar as New Jersey law is concerned, a suit on many of those statutes could properly be prosecuted in the courts of other states in appropriate cases. For example, Section 10 of the New Jersey Franchise Practices Act, N.J.S.A. 56:10-10, states, "Any franchisee may bring an action against its franchisor for violation of this act in the Superior Court of the State of New Jersey to recover damages sustained by reason of any violation of this act...." Nonetheless, suit for violation of the act may be brought in any court of general jurisdiction which has personal jurisdiction over the parties. See e.g. Mercedes-Benz of North America, Inc. v. Department of Motor Vehicles, 455 So.2d 404 (Fla.Dist.Ct. of App. 1984) (suit by a franchisee against franchisor for refusal to approve transfer of franchise in alleged violation of New Jersey Franchise Act).
[4] The present suit was commenced August 13, 1991. The similar suit now pending in Pennsylvania is said to have been commenced on June 21, 1993. Plaintiff commenced the Pennsylvania proceeding by filing her complaint with the Pennsylvania Human Relations Commission on July 10, 1991. On remand, the Law Division should consider whether the Pennsylvania suit may properly be deemed the more recently commenced of the two proceedings because it may be viewed as having been initiated by the commencement of the administrative proceeding in Pennsylvania.