Thomas BRUNNER and Nancy Brunner, Plaintiffs,

v.

ALLIEDSIGNAL, INC., Donna Massari, Darrell Taylor and John Does 1–50, Defendants.

No. CIV.A. 98–4700.

United States District Court, D. New Jersey.

Jan. 17, 2001.

Clifford L. Van Syoc, Van Syoc Law Offices, Chartered, Cherry Hill, NJ, for Plaintiffs.

Gregory C. Parliman, Pitney, Hardin, Kipp & Szuch, LLP, Morristown, NJ, for Defendants.

## OPINION

ORLOFSKY, District Judge:

On March 14, 2000, this Court issued an Order to Show Cause pursuant to Fed. R.Civ.P. 11(c)(1)(B), to consider whether Plaintiffs' counsel, Clifford L. Van Syoc, Esq., ("Mr. Van Syoc"), violated his obligations under Rule 11 of the Federal Rules of Civil Procedure in the course of his representation of Plaintiffs before this Court. For the reasons set forth below, I find that Mr. Van Syoc violated Fed.R.Civ.P. 11(b)(2) by failing to conduct a reasonable inquiry into the applicable law before filing the Complaint seeking relief under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 *et seq.* As a result, Mr. Van Syoc burdened this Court and Defendants with a meritless claim. Accordingly, I shall sanction Mr. Van Syoc by imposing an admonition and publishing this opinion. Future violations of Rule 11 by Mr. Van Syoc before this Court shall result in more severe sanctions.

## I. BACKGROUND

Mr. Van Syoc represents the Plaintiffs, Thomas Brunner ("Brunner"), and his wife, Nancy Brunner ("Mrs. Brunner") (together, "the Brunners") in a suit against Brunner's employer, AlliedSignal, Inc. ("AlliedSignal"), and two of its employees, Darrell Taylor ("Taylor") and Donna Massari ("Massari") (together, "Defendants"). I have thoroughly reviewed the facts on which the underlying claim is based in a separate, unpublished opinion, filed concurrently with this opinion. *See Brunner v. AlliedSignal, et. al.,* January 17, 2001. I will not repeat the facts set forth in that opinion except where necessary to illuminate the issues raised by this Court's Order to Show Cause. In that opinion, I granted Defendants' Motion for Summary judgment on the remaining counts of the Complaint.

On October 13, 1998, Mr. Van Syoc filed a Complaint on behalf of the Brunners in this Court, alleging, *inter alia,* that Brunner was the victim of employment discrimination. Specifically, the Complaint alleged that during a sixteen-month period of his twenty-six-year term of employment with AlliedSignal, Brunner was discriminated against based on his age and alleged disability, in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

It is undisputed that Brunner is a resident of Medford, New Jersey. Brunner Affidavit, July 19, 1999, at ¶ 1. Furthermore, it is undisputed that AlliedSignal, Inc., now doing business as Sunoco, maintained its corporate headquarters in Morristown, New Jersey. *Id.* at ¶ 3. Finally, it is undisputed that Brunner was employed exclusively at the Pennsylvania offices of AlliedSignal for the entire period during which the alleged discrimination occurred. *Id.*

In a letter dated December 22, 1998, the Defendants' attorney, Gregory C. Parliman, Esq. ("Mr. Parliman") advised Mr. Van Syoc that controlling case law precluded the claims brought by the Plaintiffs under the NJLAD, contained in Counts Two and Three

of the Complaint. *See* Parliman Cert., Exh. 1. Specifically, Mr. Parliman's letter noted that while the Complaint alleged violations of New Jersey state law, because Brunner was employed in Defendants' Pennsylvania office, Pennsylvania law would govern the dispute. *Id.* Therefore, according to Mr. Parliman's letter, Brunner's attempt to avail himself of the protections of the NJLAD was barred as a matter of law. Mr. Van Syoc did not respond to Mr. Parliman's letter.

On July 29, 1999, Defendants filed a Motion to Dismiss Counts Two and Three of Brunner's Complaint which were based on the NJLAD. *See* Defs.' Mot. Dismiss, July 29, 1999. *Id.* To support their argument that New Jersey law, and therefore the NJLAD, did not apply to Brunner's claims, Defendants relied on the New Jersey Appellate Division's decision in *Buccilli v. Timby, Brown, & Timby,* 283 N.J.Super. 6, 660 A.2d 1261 (App.Div.1995). *Buccilli* involved a plaintiff who was a resident of New Jersey, and was employed in the Philadelphia, Pennsylvania, offices of a law firm which maintained offices in both Pennsylvania and New Jersey. *Id.* at 9, 660 A.2d 1261. The plaintiff alleged, *inter alia,* that she was subjected to sexual harassment and a sexually hostile work environment in violation of the "New Jersey Civil Rights Act, N.J.S.A. 10:5–1 et seq." *Id.* In granting summary judgment for the Defendant, the Appellate Division held that: "Plaintiff's employment began and ended in Pennsylvania. She worked exclusively in that state and the conduct which she alleges was unlawful occurred there. Only Pennsylvania, not New Jersey, substantive law governs her claims." *Id.* at 10, 660 A.2d 1261.

In the papers he filed on behalf of the Brunners in response to the Defendants' motion, Mr. Van Syoc did not address the implications of *Buccilli. See* Pls.' Mem. Opp. Dismiss at 3. Instead, Mr. Van Syoc argued that this Court should utilize the conflicts of law analysis set forth in an unpublished New Jersey Appellate Division case, *McNulty v. Scientific Staffing, Inc.,* et. al., No. A–004668–97T2 (N.J.Super. App. Div. filed March 12, 1999), to revisit the issue of whether the NJLAD protects New Jersey residents in their out-of-state employment. *Id.* at 3–5.

On March 14, 2000, this Court filed a Memorandum Opinion and Order granting Defendants' Motion to Dismiss the Second and Third Counts of the Complaint. *See* Memorandum Opinion and Order, March 14, 2000. In that Opinion, I explained the basis for my holding. *See* Memorandum Opinion, March 14, 2000 ("*Brunner I*"). As I noted, "it is well-established in New Jersey that claims of a New Jersey resident, relating to his out-of-state employment, are governed by the law of the state in which that New Jersey resident is employed." *Id.* at ¶ 4, *citing Buccilli,* 283 N.J.Super. at 6, 660 A.2d 1261. In addressing Mr. Van Syoc's contention that this Court should apply the *McNulty* conflicts of law analysis to re-examine the question of whether New Jersey law governs the terms of a New Jersey resident's employment in Pennsylvania, I noted that unpublished New Jersey state court opinions, such as *McNulty,* are not controlling in this Court and have no precedential value. *Id.* at ¶ 5, *citing* New Jersey Court Rule 1:36–3.[1] I further found that even if the *McNulty* decision were binding on this Court, the outcome, in Brunner's case, would be the same: because Brunner was employed exclusively in Pennsylvania, disputes concerning his employment are governed exclusively by Pennsylvania law. *Id.* at ¶ 6. Based on the preceding analysis, I dismissed Counts Two and Three of Brunner's Complaint which were based on the NJLAD, for failure to state claim upon which relief may be granted. *Id.* at ¶ 7.

Along with their Motion to Dismiss Counts Two and Three of the Complaint, Defendants also filed a Motion for Rule 11 Sanctions against Mr. Van Syoc. *See* Defs.' Motion for Rule 11 Sanctions, July 29, 1999. In support of their Motion for Sanctions, Defendants claimed that Mr. Van Syoc failed to verify the location of Brunner's employment, and ignored Mr. Parliman's letter of December 22, 1998, in which Mr. Parliman asked Mr. Van Syoc to voluntarily withdraw the NJLAD claims alleged in Brunner's Com-

---

1. New Jersey Court Rule 1:36–3 provides, in relevant part, as follows: "No unpublished opinion shall constitute precedent or be binding upon any court." N.J. Court R. 1:36–3.

plaint. *Id.* In response to Defendants' Motion for Sanctions, Mr. Van Syoc argued that the *McNulty* decision provided a "good faith basis" for Brunner's NJLAD claims. Pls.' Mem. Opp. Dismiss at 6.

As I noted in *Brunner I*, Rule 11 contains two internal procedural mechanisms designed to prevent abuses of the Rule. Brunner I at ¶ 12. First, the motion for sanctions must "be made separately from other motions or requests and [ ] describe the specific conduct alleged to violate subdivision (b)." *Id.*, citing Fed.R.Civ.P. 11(c)(1)(A). Second, the Rule contains a "safe harbor" provision, which requires the moving party to wait 21 days after serving the motion papers on the party against whom sanctions are requested before filing the motion in District Court. *Id.* This provision allows the party against whom sanctions are requested the opportunity to correct the alleged defect in the papers, and thereby avoid sanctions. *Id.*

In considering Defendants' Motion for Sanctions, I found that by virtue of complying with Local Civil Rule 7.1(b) and Appendix N to the Local Civil Rules, the Defendants had complied with the "safe harbor" requirement of Rule 11. *Brunner I* at ¶ 13. Specifically, I found that Defendants had mailed a copy of the motion to Mr. Van Syoc on June 30, 1999, but did not file the motion until July 29, 1999, thereby providing Mr. Van Syoc with over 21 days to withdraw the Second and Third Counts from the Complaint. *Id.*

Defendants, however, filed their Motion for Sanctions together with the Motion to Dismiss the Second and Third Counts of the Complaint. In filing these motions jointly, the Defendants failed to comply with Rule 11's requirement that the party moving for sanctions do so in a motion separate and apart from other motions or requests. *See* Fed.R.Civ.P. 11(c)(1)(A). Therefore, because the Defendants' Motion for Sanctions failed to meet the procedural requirements of Rule 11, I dismissed the motion. *Brunner I* at ¶ 14.

As I noted in my Opinion, however, I remained concerned that Mr. Van Syoc's conduct, in ignoring the clear dictates of *Buccilli v. Timby, Brown and Timby*, 283 N.J.Super. 6, 660 A.2d 1261 (App.Div.1995), had in fact violated Rule 11. *Brunner I* at ¶ 15. Mr.

Van Syoc, in fact, represented the unsuccessful plaintiff in *Buccilli.* Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure permits the Court, "[o]n its own initiative ... [to] enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Fed.R.Civ.P. 11(c)(1)(B). In accordance with Rule 11(c)(1)(B), I issued an order directing Mr. Van Syoc to show cause whether he violated Rule 11(b)(2) and what sanctions, if any, should be imposed. *Brunner I* at ¶ 15. I shall now address those issues.

## II. LEGAL STANDARD GOVERNING THE IMPOSITION OF SANCTIONS UNDER RULE 11

Rule 11 of the Federal Rules of Civil Procedure provides in relevant part as follows:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [that] (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law ...

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for their violation ... A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be

filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected ... monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2). Fed.R.Civ.P. 11(b) & (c).

In practice, Rule 11 "requires an attorney who signs a complaint to certify both that it is not interposed for improper purposes, such as delay or harassment, and that there is a reasonable basis in law and fact for the claim." *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers,* 855 F.2d 1080, 1090 (3d Cir.1988) (footnote omitted); *see also Carlino v. Gloucester City High School,* 57 F.Supp.2d 1, 37 (D.N.J.1999) (Orlofsky, J.). In construing Rule 11, the Third Circuit has explained that this Rule "imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad admonition to 'stop, look, and listen.'" *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 157 (3d Cir.1986).

■ According to the Third Circuit, "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir.1991), (*citing Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 546–47, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991)), *cert. denied sub. nom, Altran Corp. v. Ford Motor Co.,* 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991). The Third Circuit has defined "reasonableness" in the context of Rule 11 as "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in fact and law." *Id.* (citation omitted). A finding of "bad faith is not required." *Martin v. Brown,* 63 F.3d 1252, 1264 (3d Cir.1995). Thus, the standards under Rule 11 "eliminate any 'emptyhead pure-heart' justification for patently frivolous arguments." Fed.R.Civ.P. 11, adv. cmte. notes.

■ To comply with Rule 11, counsel is required to conduct "a reasonable inquiry into both the facts and the law supporting a particular pleading." *Schering Corp. v. Vitarine Pharm., Inc.,* 889 F.2d 490, 496 (3d Cir.1989). "At a minimum, Rule 11 requires 'unambiguously that any signer must conduct a reasonable inquiry or face sanctions.'" *Business Guides, Inc.,* 498 U.S. at 547, 111 S.Ct. 922. Pursuant to Rule 11, counsel who submit pleadings that are "frivolous, legally unreasonable, or without factual foundation" may appropriately be sanctioned by the court. *Slater v. Skyhawk Transp. Inc.,* 187 F.R.D. 185, 199–200 (D.N.J.1999) (Orlofsky, J.).

## III. RULE 11 LIABILITY

In light of the foregoing explication of the legal standards applicable under Rule 11, the threshold question which I must decide, in determining whether to impose sanctions, is whether Mr. Van Syoc "conducted a reasonable inquiry into both the facts and the law" supporting the complaint which he filed on behalf of the Brunners. Specifically, I must determine whether Mr. Van Syoc had an "objective knowledge or belief," when he filed the Complaint, that Mr. Brunner's claim of discrimination under the NJLAD, contained in Counts Two and Three of the Complaint, was "well-grounded in fact and law."

■ As I noted previously, it is undisputed that Brunner is a resident of New Jersey, that Brunner was employed by AlliedSignal exclusively at AlliedSignal's Pennsylvania location, and that AlliedSignal is headquartered in New Jersey. Counts Two and Three of Brunner's Complaint, because they allege violations of the NJLAD, are predicated on the assumption that New Jersey law governed the terms and conditions of Brunner's employment with AlliedSignal, even though it is undisputed that Brunner was only employed in Pennsylvania. Thus, to avoid running afoul of Rule 11, Mr. Van Syoc must show that when he filed Brunner's Complaint alleging violations of the NJLAD, he reasonably believed, following an inquiry into the facts and applicable law, that New Jersey law would apply.

In response to this Court's Order to Show Cause Why Sanctions Should Not Be Imposed, Mr. Van Syoc filed a Certification. As a threshold matter, I must address two pro-

cedural flaws in Mr. Van Syoc's response to the Order to Show Cause. First, by including arguments of law in his Certification, Mr. Van Syoc violated Rule 7.2(a) of the Local Civil Rules of this Court. Rule 7.2(a) provides as follows:

> Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions, or both. L. Civ. R. 7.2(a).

In compliance with Local Civil Rule 7.2(a), Mr. Van Syoc should have made his legal arguments in a brief or memorandum of law. *See Assisted Living Assoc. v. Moorestown Twp.*, 996 F.Supp. 409, 422 (D.N.J.1998) (Orlofsky, J.) (disregarding a certification because it contained a legal argument).

Second, Mr. Van Syoc failed to use the appropriate language required for the submission of his Certification to a federal court. Mr. Van Syoc's Certification in Lieu of Oath states: "I hereby certify that the forgoing statements made by me are true. I am aware that if any of the forgoing statements made by me are willfully false, I am subject to punishment." Mr. Van Syoc's use of this language is consistent with the New Jersey Court Rules, *see* N.J. Court R. 1:4–4(b), however, because this action is pending in a federal court, federal law prescribes the appropriate language to be used. In accordance with 28 U.S.C. § 1776, unsworn declarations, executed in the United States, must contain the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1776(2).

This Court is free to disregard Mr. Van Syoc's Certification for failure to comply with these procedural requirements. It appears that Mr. Van Syoc's cavalier disregard of the procedures for filing Certifications in this Court reflects the same level of reasonable inquiry into the applicable law which preceded the filing of the Complaint in this case. Notwithstanding Mr. Van Syoc's procedural defalcations, however, in the interests of justice, I have decided to consider the merits of his Certification.

In his Certification, Mr. Van Syoc concedes that he was aware of the fact that Brunner was employed in Pennsylvania at the time he filed Brunner's Complaint, asserting claims under the NJLAD. Van Syoc Cert. at ¶ 2. Mr. Van Syoc also acknowledges that, as the attorney for the plaintiff in *Buccilli v. Timby, Brown, & Timby*, 283 N.J.Super. 6, 660 A.2d 1261 (App.Div.1995), he was also aware of the Appellate Division's ruling in that case. *Id.* at ¶ 3. He argues, however, that the Appellate Division's ruling in *Buccilli* was wrong and therefore should be disregarded by this Court. *Id.*

The Third Circuit has held that "[w]e do not disregard a decision of an intermediate appellate state court on an issue of controlling state law unless we are 'convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Chemical Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 227 (3d Cir.1999) (citation omitted). The "persuasive data" submitted by Mr. Van Syoc consists solely of his personal opinion that the Appellate Division, in *Buccilli*, "did not engage in what [he] considered to be a thorough, comprehensive, and valid governmental interest analysis." Van Syoc Cert. at ¶ 3. Based solely on his personal opinion, therefore, Mr. Van Syoc asserts that he had a "good faith basis" for arguing that the holding of *Buccilli* should be modified or reversed. *Id.*

Mr. Van Syoc's mere disagreement with the Appellate Division's decision in *Buccilli* is unavailing because he has failed to cite, either in his Certification or in his Memorandum in Opposition to Defendants' Motion to Dismiss the Second and Third Counts of the Complaint and for Rule 11 Sanctions, any authority whatsoever which would suggest that the New Jersey Supreme Court is likely to modify or reverse the ruling of the Appellate Division in *Buccilli*. Indeed, in his response to Defendants' motion, Mr. Van Syoc simply ignored the *Buccilli* case altogether and instead directed the Court's attention to an unpublished Appellate Division opinion, *McNulty v. Scientific Staffing, Inc.*, et. al., No. A–004668–97T2 (N.J.Super. App. Div.

filed March 12, 1999). Even the most cursory legal research would have revealed that unpublished state court opinions have no precedential value in New Jersey courts and are not binding on this Court. *See* New Jersey Court Rule 1:36–3.

Moreover, the *McNulty* decision, which follows *Buccilli,* provides no legal support for Mr. Van Syoc's contention that the New Jersey Supreme Court would reverse or modify *Buccilli. See McNulty* at 4 ("This court has, however, already concluded that, in general, the claims of a New Jersey resident for an allegedly discriminatory dismissal from out of state employment should be governed by the law of the state in which the plaintiff was employed." *Id.,* citing *Buccilli,* 283 N.J.Super. 6, 660 A.2d 1261.) The *McNulty* Court went on to recognize that, although the *Buccilli* Court was not required to perform the governmental interest analysis which Mr. Van Syoc advocates, "it would be entirely unreasonable to make the rights of each of several co-workers dependant on his or her state of residence … [therefore] we agree with [*Buccilli's* ] conclusion and find no reason to differ with *Buccilli* even after considering the *Veazey* governmental interest analysis." *Id.* at 5.

I find that in ignoring the clear dictates of the New Jersey Appellate Division's ruling in *Buccilli,* and urging this Court to do the same, Mr. Van Syoc acted unreasonably and thereby violated Rule 11(b)(2). Specifically, I find Mr. Van Syoc's behavior unreasonable based upon the following circumstances: (1) Mr. Van Syoc represented the plaintiff in *Buccilli,* and therefore advanced, and lost, the same argument he is attempting to present in this case; (2) Mr. Van Syoc was reminded of the state of the law by counsel for Defendants, and given the opportunity to withdraw the Second and Third Counts of Brunner's Complaint, but failed to do so; and (3) as justification for his insistence in pursuing Counts Two and Three of the Complaint, Mr. Van Syoc offered only his personal opinion that *Buccilli* should be reversed or modified, in the complete absence of any "persuasive data" that the New Jersey Supreme Court is likely to reverse or modify that decision.

Furthermore, in the *McNulty* decision, which Mr. Van Syoc cites as a basis for his claim that *Buccilli* should be reversed, the Appellate Division in fact reached the same conclusion it reached in *Buccilli:* namely, that a New Jersey resident's employment is governed by the laws of the state in which he is employed.

Based on these undisputed facts and the absence of any legitimate authority to support the position he advocated in this Court, I find it impossible to conclude that Mr. Van Syoc had "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in fact and law." *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir.1991). Accordingly, I find that Mr. Van Syoc violated Rule 11(b)(2) of the Federal Rules of Civil Procedure. I shall therefore impose an admonition on Mr. Van Syoc for the reasons set forth above and publish this opinion.

## IV. CONCLUSION

An attorney can not simply ignore legal precedent in advancing claims in a federal court. More is required than mere intransigence and a refusal to yield to the light of reason. Discretion and judgment are as much a part of effective advocacy as zeal. Rule 11 leaves breathing room for creative advocacy. It does not, however, tolerate frivolity or unprofessionalism. For the reasons contained in this opinion, I find that Mr. Van Syoc violated Rule 11(b)(2) and that his conduct warrants the imposition of an admonition. The Court will enter an appropriate form of order.